IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARSHELLE S.,<br><br>                Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:19-CV-385 TS<br><br>District Judge Ted Stewart |

This matter comes before the Court on Plaintiff Darshelle S.'s appeal from the decision of the Social Security Administration denying her application for supplemental security income. Having considered the arguments of the parties, reviewed the record and relevant case law, and being otherwise fully informed, the Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

1

affirmed.[4] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.  PROCEDURAL HISTORY

In April 2016, Plaintiff filed an application for supplemental security income, alleging that she became disabled on September 1, 2013.[7] The claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on September 13, 2018.[9] The ALJ issued a decision on October 10, 2018, finding that Plaintiff was not disabled.[10] The Appeals Council denied Plaintiff's request for review on April 2, 2019,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

B.  MEDICAL HISTORY

Plaintiff initially alleged disability due to valley fever and osteomyelitis.[13] Plaintiff indicated that her back pain was so severe that she could hardly move.[14] Plaintiff has received

---

[4] *Richardson*, 402 U.S. at 390.
[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[7] R. at 188–96.
[8] *Id.* at 68, 89.
[9] *Id.* at 39–67.
[10] *Id.* at 21–37.
[11] *Id.* at 5–12.
[12] 20 C.F.R. § 422.210(a).
[13] R. at 214.
[14] *Id.* at 222.

treatment for her back pain, including surgery. Plaintiff also has a history of methicillin-resistant Staphylococcus aureus bacterium ("MRSA"). Additionally, Plaintiff has a history of mental health issues.

C.     HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff testified that her back pain prevented her from working.[15] Plaintiff also stated she had a diagnosis of fibromyalgia.[16] In addition, Plaintiff testified that she suffered from mental health conditions for which she receives treatment.[17] Plaintiff further stated that she had a history of drug abuse that was an attempt to self-medicate.[18]

D.     THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 4, 2016, the application date.[19] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, status post hemilaminectomy (with a history of recurrent MRSA and osteomyelitis).[20] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[21] The ALJ determined that Plaintiff had the residual functional

---

[15] *Id.* at 46.
[16] *Id.* at 54.
[17] *Id.* at 55–57.
[18] *Id.* at 60.
[19] *Id.* at 26.
[20] *Id.* at 26–28.
[21] *Id.* at 28.

capacity ("RFC") to perform sedentary work, with certain modifications.[22] At step four, the ALJ determined that Plaintiff could perform her past relevant work as an order clerk as generally performed in the national economy and, therefore, was not disabled.[23]

III. DISCUSSION

Plaintiff raises the following issues in her brief: whether the ALJ erred at step three by not discussing Listing 1.04 and whether the ALJ erred in his RFC analysis. The Court will limit its discussion to Plaintiff's step three argument.

A claimant is disabled if the Commissioner determines at step three that her impairment meets or equals one of the presumptively disabling impairments included in the Listing of Impairments.[24] In making this determination, the ALJ is "required to discuss the evidence and explain why he found that [a claimant] was not disabled at step three."[25]

At step three, the ALJ stated: "After reviewing all the documentary evidence and testimony of record, the undersigned concludes the claimant's impairments do not meet or equal any of the criteria set forth in any of the listed impairments set forth in Appendix 1, Subpart P, Regulations No. 4."[26]

This statement is not sufficient under Tenth Circuit precedent. In *Clifton*, the Tenth Circuit addressed a situation where "the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or

---

[22] *Id.* at 28–31.
[23] *Id.* at 31–32.
[24] See 20 C.F.R. § 404.1520(d).
[25] *Clifton*, 79 F.3d at 1009.
[26] R. at 28.

4

Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment."[27] The court held that this "bare conclusion" was insufficient to allow for meaningful judicial review and required reversal.[28]

The ALJ's decision here suffers from the same flaw. The ALJ simply concluded that Plaintiff's impairments did not meet or equal a listed impairment. However, he did not identify which Listings he considered or provide any rationale supporting his decision that would allow for review.

The Commissioner argues that any error was harmless. "[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment" if the Court "could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[29] However, unless the other findings would "conclusively preclude Claimant's qualification under the listings at step three," remand is required.[30]

The Commissioner makes a valiant effort to go through the record to show that Plaintiff did not meet or equal Listing 1.04 for at least 12 consecutive months during the relevant period. However, rather than pointing to findings by the ALJ that would support such a finding, the Commissioner does the type of analysis the ALJ was required to conduct. The Commissioner's

---

[27] *Clifton*, 79 F.3d at 1009.
[28] *Id.*
[29] *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (quotation omitted).
[30] *Id.* at 735.

rationale is the type of post hoc justification that cannot support the ALJ's decision.[31] As the parties' briefing demonstrates, there are evidentiary conflicts the ALJ must resolve.[32] In short, the Court cannot confidently say that no reasonable administrative factfinder, following the correct analysis, would have resolved this matter in another way. Because this error alone requires remand, the Court need not address the other arguments raised by Plaintiff.[33]

IV. CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED for the purposes of conducting additional proceedings as set forth herein.

DATED this 25th day of March, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[31] *See Dye v. Barnhart*, 180 F. App'x 27, 30-31 (10th Cir. 2006).

[32] *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (concluding that the ALJ is entitled to acknowledge evidentiary conflicts and resolve any conflicts in the record).

[33] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").